UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

AMANDA WELSH AND STEPHEN WELSH      )
INDIVIDUALLY AND AS NEXT FRIEND     )
OF CW, A MINOR,                     )     Civil Action No.
                                    )     Hon.:
                                    )
                                    )
                                    )
-vs.-                               )
                                    )
GRANDVILLE PUBLIC SCHOOLS,          )
and SOUTH ELEMENTARY SCHOOL,        )
and, ALLISON RITTENHOUSE in         )
her individual capacity, and        )
DARLA ENGLAND, in her individual    )
Capacity, and JOHN and JANE         )
DOE, in their individual            )
Capacities,                         )
                    Defendant.      )
                                    )

_____/

**MUSSIN & SCANLAND, PLLC**
**SCOTT P. MUSSIN (P66748)**
**JERARD M. SCANLAND (P74992)**
Attorney for Plaintiff
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Phone: (734)-282-6037
Fax: (734)-447-5853
JScanland@milawoffices.com

_____/

## PLAINTIFF'S COMPLAIINT AND JURY DEMAND

**COMES NOW THE**, Plaintiffs, **AMANDA WELSH AND STEPHEN WELSH Individually and as Next Friend of CW**, through their attorneys the law firm of MUSSIN & SCANLAND, PLLC and by their respective attorney Jerard M. Scanland, and in support of Plaintiff's Complaint And Jury Demand, states the following:

## INTRODUCTION

1. This action arises from horrific events that occurred at South Elementary School in Grandville, Michigan, which came to light in September of 2019 following repetitive, systemic instances of child abuse by a teacher.

2. Following the harrowing revelations, the teacher who caused harm to CW attempted to try and explain away her horrific actions and the marks left on CW.

3. South Elementary attempted to try and cover up the abuse, but then later conceded the teacher applied overly assertive behavioral modification techniques, which was a foreseeable and predictable

2

consequence of its failure to meet its bedrock duties to hire and retain qualified employees, and to reasonably train and supervise these employees given obvious and foreseeable risk of harm that unqualified, unsupervised staff posed to a child with limited to no verbal skills who is diagnosed with Autism Spectrum Disorder, Cognitive Impairment, Pes Plantus, Mixed Receptive-Expressive Language Disorder, and Developmental Coordination Disorder.

4. Because of South Elementary School's failure to reasonably hire, train, retain, and supervise the employees, CW was physically, emotionally, and verbally abused over a prolonged period of time with no way to report the abuse.

5. The Defendant Teacher, continually physically verbally and emotionally abused CW over a prolonged period of time and no one spoke out.

## JURISDICTION AND VENUE

6. Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

7. Jurisdiction in conferred by 28 U.S.C. 1331, as to Plaintiffs federal law claims.

8. This Court has supplemental jurisdiction over Plaintiffs' pendent state law claims pursuant to 28 U.S.C. 1367 and under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715, 86 S. Ct. 1130 (1966).

9. Venue is proper in this Court pursuant to 28 U.S.C. 1391 (b)(2) as all of the events giving rise to this action occurred in the Western District of Michigan.

10. Jurisdiction and venue are otherwise proper with this Court.

## PARTIES

11. Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

12. The Plaintiff Amanda Welsh currently resides in the City of Marne, County of Ottawa.

13. The Plaintiff Stephen Welsh currently resides

4

in the City of Marne, County of Ottawa.

14. The Defendant, Allison Rittenhouse, resides in the City of Holland and County of Ottawa,

15. The Defendant, Darla England, resides within the jurisdiction.

16. Defendant South Elementary School is a provider of public education under Michigan law, incorporated under the laws of Michigan, with the capacity to sue and be sued, and is a recipient of federal funding.

17. During all relevant times pertinent to this Complaint. South Elementary School hired one or more agents/employees and held these employees out to the public, including the Plaintiff specifically, as an individual/individuals trained and/or qualified in behavioral therapy.

18. Darla England was the principal at South Elementary School at all times relevant to this action.

19. Darla England upon information and belief, is a resident of Grandville, Michigan. She is sued in

5

her individual capacity.

20. Allison Rittenhouse was CW's teacher and is one of the individuals responsible for perpetrating the neglect and abuse upon CW.

21. Defendants John and Jane Doe, to be named by and through discovery, were teacher's aides in CW's classroom, and along with other employees who witnessed the neglect and abuse of CW, failed to report it. They are sued in their individual capacities.

22. At all relevant times hereto, those who harassed and abused CW were employed by, associated with, or otherwise under the authority and control of South Elementary School.

23. The Defendant South Elementary School was responsible for supervising. South Elementary School breached its duty to report to Protective Services or law enforcement abuse at the school.

24. The Defendant South Elementary School was responsible for supervising Defendants John and Jane Doe, to be named by and through discovery. South

Elementary School breached its duty to report to
Protective Services or law enforcement abuse at the
school.

25. During all time pertinent to this
Complaint, Defendants, South Elementary School, acted
jointly and/or individually through authorized agents,
affiliates, employees, officers, members, directors,
subsidiaries, successors, assigns, principals,
trustees, sureties, subrogees, representatives,
shareholders, and/or insurers.

26. As to all claims alleged herein, the
action by all Defendants was in bad faith, knowing,
negligent, intentional, malicious, willful and
wanton, and shocks the conscience.

27. As to all claims alleged herein, all Defendants
conspired, acted jointly, and in concert with one another in
the wrongdoing herein alleged.

28. All conduct by South Elementary School
employees alleged herein occurred within the scope
of their employment, was reasonably foreseeable to
South Elementary School, and South Elementary

School otherwise had constructive and actual knowledge of its employees' conduct.

## COMMON FACTS

29. Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

30. CW is an eight (8) year old suffering from Autism Spectrum Disorder, Cognitive Impairment, Pes Plantus, Mixed Receptive-Expressive Language Disorder, and Developmental Coordination Disorder.

31. Upon information and belief, CW has been attending Granville Public Schools since 2017. CW has been a student of South Elementary School since 2018. He continuously attended class with other individuals with similar severe disabilities.

32. Due to CW cognitive disabilities and those of his fellow classmates, the educational services provided to the students was extremely limited and consisted largely of assistance with activities.

8

33. Due to the severe disabilities of these students, multiple teacher's aides were present in the classroom to assist Defendant Rittenhouse at all times relevant to this lawsuit.

34. For several months prior to September 9, 2019, the Defendant, Allison Rittenhouse, forcefully grabbed CW by the back of his neck to such an extent, it left nail gouges and bruising.

35. The pattern of abuse continued despite complaints made by Mr. and Mrs. Welsh.

36. This abusive behavior occurred in plain view of the other students and the teacher's aids present in the classroom, and no one did anything to prevent it, rectify it, or shorten the duration. Further, no one reported it as required by MCL 400.1 la.

37. Grabbing CW by the back of the neck aggressively enough to leave nail marks in his neck served no pedagogical, nor educational function.

38. Amanda and Stephen Welsh complained to school officials about the scratches and bruises.

39. However, CW continued to suffer abuse over a period of several months.

40. Defendant Rittenhouse had the time to deliberate various alternatives as there was no rapidly evolving, fluid or dangerous predicament which precluded deliberation.

41. On or about September 9, 2019, CW sustained injuries to his neck that included a deep gouge and missing skin with a bloodied scab while in the care of Defendant Rittenhouse and South Elementary School staff.

42. Despite the numerous complaints made, no one at South Elementary School ever conducted any investigation until Plaintiffs hired counsel who sent notification and a settlement demand to Grandville Public Schools and South Elementary School officials. At that point, Grandville Public Schools and South Elementary School caused an investigation to occur. Plaintiffs have never been informed of the results of the investigation.

### A. THE FORESEEABILITY AND INEVITABILITY OF A HIGH RISK OF PHYSICAL ABUSE AND LIFELONG HARM TO THE

**NON-VERBAL AUTISTIC CHILDREN AT GRANDVILLE PUBLIC
SCHOOLS AND SOUTH ELEMENTARY SDCHOOL.**

43. Due to the nature of non-verbal autism, and the use of ABA techniques, which have verbal and physical modalities, the proper licensing, training, retention, and supervision is essential to prevent known, and obvious risks of serious harm, including child abuse, and physically and emotionally abusive techniques that cause lifelong harm, including behavioral and educational regression, the development of aggressive behavior, self-harm, and aversion to traditional therapy (a characteristic of Post-Traumatic Stress Disorder), all of which CW now suffers from.

44. Defendant Grandville Public Schools and South Elementary School knew the importance of ensuring  properly trained,  and  otherwise  qualified  individuals  to  provide behavioral  services  for  autistic  children,  specifically because of the attendant high risk of serious, lifelong harm that can be caused by prolonged, personal encounters between autistic children and unlicensed, unqualified, unsupervised, or otherwise ill-trained employees.

11

45. Due to the nature of non-verbal autism, and the use of ABA techniques, which have verbal and physical modalities, the need for proper, training, retention, and supervision of an employee is compounded by the non-verbal autistic child's inability to report the abuse to their parents or others, resulting in abuse that occurs over a prolonged amount of time. This is precisely what happened to CW and other children.

46. Grandville Public Schools and South Elementary School authorized Defendant Rittenhouse to apply techniques to CW and other non-verbal autistic children, despite knowing that its employees lacked the requisite licensure, training and supervision. Consequently, Grandville Public Schools and South Elementary School unreasonably trained, unreasonably supervised staff, engaged in physically and emotionally abusive conduct against CW and other non-verbal autistic children.

**B. GRANDVILLE PUBLIC SCHOOLS AND SOUTH ELEMENTARY SCHOOL'S ACTUAL AND CONSTRUCTIVE KNOWLEDGE OF THE ABUSE, FAILURE TO INTERVENE, WARN, OR PREVENT THE CONTINUED ABUSE OF NON-VERBAL AUSTISTIC CHILDREN AT SOUTH ELEMENTARY SCHOOL.**

47. Grandville Public Schools and South Elementary School's failure to reasonably hire, train, retain, and oversee/supervise employees directly and proximately caused CW and other non-verbal autistic children to suffer predictable abuse and harm, but this is not the extent of Grandville Pubic Schools and South Elementary School's culpability.

48. The abuse occurring at South Elementary School was systemic and ongoing, lasting for a period of several months.

49. South Elementary School was aware of the above as South Elementary was on prior notice form staff and other parental complaints.

50. South Elementary School hired one or more employees, including Defendant Rittenhouse, who was not only unqualified, but who was retained and allowed to continue to work with CW and other children despite deficient job performance.

51. The abuse occurring in South Elementary School was widespread.

13

52. Consequently, CW and his parents have suffered damages.

53. Plaintiffs suffer ongoing emotional distress, including anxiety, depression, anger, frustration, fear, humiliation, and out-of-pocket losses caused by South Elementary School, and are reasonably expected to continue in the future due to the minor Plaintiff's behavioral regression, including but not limited to, behavioral and educational regression, new aggressive behavior, self-harm, and aversion to traditional therapy caused by a South Elementary School employee.

54. Plaintiffs also suffer damages including but not limited to, physical and emotional harm, physical pain and suffering, fear, and emotional distress.

### COUNT-I
### NEGLIGENT TRAINING
### (Defendant Grandville Public Schools and South Elementary School)

55. Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

14

56. During all time pertinent to this Complaint,
Defendant, Allison Rittenhouse, was Grandville
Public Schools and South Elementary School employee,
under the direction, supervision, and control of
Grandville Public Schools and South Elementary
School and acted at all times pursuant to authority
conferred by Grandville Public Schools and South
Elementary School.

57. Grandville Public Schools and South
Elementary School hired Defendant Rittenhouse and
authorized these individuals to attend to CW and other
non-verbal autistic children with coercive verbal and
physical methods, which posed known and obvious risks
of serious harm to CW and other non-verbal autistic
children.

58. By establishing, staffing, operating, and
holding South Elementary School as a safe and
beneficial learning environment for autistic children,
Grandville Public Schools and South Elementary School
owed a duty to provide a reasonably safe environment

15

for CW and other autistic children, and to ensure their employees were properly trained.

59. Grandville Public Schools and South Elementary School owed these duties by holding out its staff was trained to properly provide a safe learning environment for autistic children, causing Plaintiffs and others to reasonably rely on these representations.

60. Despite Grandville Public Schools and South Elementary School's duties and affirmative representations, Grandville Public Schools and South Elementary School failed to reasonably train an employee, Defendant Rittenhouse, who attended to CW and other autistic children.

61. Grandville Public Schools and South Elementary School knew from its experience, and reported complaints by parents, that the failure to adequately train its employees caused instances of physical and emotional abuse and posed continuing threats of harm and ongoing abuse to CW and other non-verbal autistic children.

62. It was known and obvious to Grandville Public Schools and South Elementary School as well as reasonably foreseeable, that failing to adequately train employees would result in serious harm to CW and other non-verbal autistic children.

63. Grandville Public Schools and South Elementary School was on actual and constructive notice of the abuse occurring at South Elementary School through staff complaints, and parental complaints yet failed to take reasonable measures to stop the abuse.

64. Thus, Grandville Public Schools and South Elementary School not only had constructive knowledge of the abusive/violent acts and propensities displayed by a South Elementary School employee while acting within the scope of employment; Grandville Public Schools and South Elementary School had actual knowledge of these acts and abusive occurrences and propensities of employees, and despite the forewarning, failed to take reasonable measures to stop the abuse.

65. As a direct and proximate consequence of

17

Grandville Public Schools and South Elementary School breach of the applicable duty of care, CW and the parent Plaintiffs suffered damages including, but not limited to, physical and emotional harm, physical pain and suffering, fear, emotional distress, behavioral regression, including behavioral and educational regression, aversion to traditional therapy (a characteristic of PTSD), and new aggressive behaviors, including self-harm, and future damages caused thereby, which will require new medication, non-traditional therapies.

## COUNT-II
## NEGLIGENT HIRING & RETENTION
### (Defendant Grandville Public Schools and South Elementary School)

66. Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

67. By holding itself out as a safe and beneficial learning environment for autistic children, Grandville Public Schools and South Elementary School owed one or more duties of care to CW and other non-

18

verbal autistic children at South Elementary School
including duties to use reasonable care when hiring and
retaining its employees.

68. Grandville Public Schools and South
Elementary School also owed duties to follow reasonable
retention practices, to ensure that the autistic
children entrusted to its care would not suffer from
known and obvious risks of foreseeable harm described
herein.

69. Grandville Public Schools and South
Elementary School breached its duty of care to CW by
failing to use reasonable care when hiring employees
who attended to CW including Defendant, Allison
Rittenhouse.

70. Grandville Public Schools and South
Elementary School knew or reasonably should have known
that hiring and retaining unqualified employees posed a
high risk of physical and emotional harm, due to the
nature of its employees' interactions with CW and other
autistic children, including, without limitation, the

use of ABA and other behavioral modification
techniques.

71. Grandville Public Schools and South
Elementary School hired unlicensed and unqualified
employees.

72. As a direct and proximate consequence of
Grandville Public Schools and South Elementary School
breach of the applicable duty of care, CW and the
parent Plaintiffs suffered damages including, but not
limited to, physical and emotional harm, physical pain
and suffering, fear, emotional distress, behavioral
regression, including behavioral and educational
regression, aversion to traditional therapy (a
characteristic of PTSD), and new aggressive behaviors,
including self-harm, and future damages caused thereby,
which will require new medication, non-traditional
therapies.

**COUNT-III**
**NEGLIGENT SUPERVISION**
**(Defendant Grandville Public Schools and South
Elementary School)**
73. Plaintiffs incorporate herein by reference

20

all of the above paragraphs of this Complaint as though fully set forth herein at length.

74. By holding itself out as a safe and beneficial learning environment for autistic children, Grandville Public Schools and South Elementary School owed one or more duties of care to CW and the other non-verbal autistic children at South Elementary School, including duties to reasonably supervise employees.

75. Grandville Public Schools and South Elementary School also owed duties to follow reasonable supervision policies to ensure that the non-verbal autistic children entrusted to its care, who could not communicate instances of abuse, would not suffer known and obvious risks of foreseeable harm in the first instance, and to ensure that any such abuse would not occur or continue over a prolonged period of time.

76. Grandville Public Schools and South Elementary School breached these duties of care to CW by failing to reasonably supervise employees in the first instance, and thereafter when Grandville Public

21

Schools and South Elementary School knew or reasonably should have known there was not only inadequate supervision of the South Elementary School employee, but also that physical and emotional abuse was ongoing.

77. Grandville Public Schools and South Elementary School was on actual notice and constructive notice from staff complaints, and its own personnel records, and parental complaints. The employee/employees were also not supervised to ensure proper focus, mental fitness, and adequate resources necessary to treat non-verbal autistic children in a potentially stressful environment. The known and obvious risks of harm manifested through instances of physical and emotional abuse, as well as aggression directed at CW and others over a prolonged period of time.

78. The lack of adequate/reasonable supervision, coupled with inadequate training, made it foreseeable (and likely) that abuse would occur over a prolonged period of time to CW and other non-verbal autistic children.

22

79. Despite actual and constructive knowledge of the inadequate supervision and abuse occurring at the South Elementary School, Grandville Public Schools and South Elementary School still failed to exercise reasonable care to supervise employees at South Elementary School.

80. As a direct and proximate consequence of Grandville Public Schools and South Elementary School breach of the applicable duty of care, CW and the parent Plaintiffs suffered damages including, but not limited to, physical and emotional harm, physical pain and suffering, fear, emotional distress, behavioral regression, including behavioral and educational regression, aversion to traditional therapy (a characteristic of PTSD), and new aggressive behaviors, including self-harm, and future damages caused thereby, which will require new medication, non-traditional therapies.

**COUNT-IV**
**NEGLIGENCE**
**(Defendants Grandville Public Schools and South Elementary School)**

23

81. Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

82. Grandville Public Schools and South Elementary School had a duty to exercise ordinary care and prudence to keep its premises reasonably safe for CW and other non-verbal autistic children.

83. Grandville Public Schools and South Elementary School breached its duty to provide reasonably safe premises by permitting, through deliberate and knowing inaction and omission, and despite known and obvious risks of harm, CW and other autistic children to be abused by Grandville Public Schools and South Elementary School employees over an extended period of time.

84. As a direct and proximate consequence of Grandville Public Schools and South Elementary School breach of the applicable duty of care, CW and the parent Plaintiffs suffered damages including, but not limited to, physical and emotional harm, physical pain and suffering, fear, emotional distress, behavioral

regression, including behavioral and educational regression, aversion to traditional therapy (a characteristic of PTSD), and new aggressive behaviors, including self-harm, and future damages caused thereby, which will require new medication, non-traditional therapies.

### COUNT-V
### INTENTIONAL INFLICTION OF EMOTION DISTRESS
### (Defendant Allison Rittenhouse)

85. Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

86. Defendant Allison Rittenhouse, and others engaged in extreme and outrageous conduct by physically and emotionally abusing CW and other non-verbal autistic children.

87. The extreme and outrageous conduct by Defendant Allison Rittenhouse, and others as herein alleged, was intentional, and caused the Plaintiffs to suffer severe emotional distress,

88. As a direct and proximate consequence of

25

this extreme and outrageous conduct, Plaintiffs
suffered severe emotional distress.

89.  As a direct and proximate consequence of
Grandville Public Schools and South Elementary School
breach of the applicable duty of care, CW and the
parent Plaintiffs suffered damages including, but not
limited to, physical and emotional harm, physical pain
and suffering, fear, emotional distress, behavioral
regression, including behavioral and educational
regression, aversion to traditional therapy (a
characteristic of PTSD), and new aggressive behaviors,
including self-harm, and future damages caused thereby,
which will require new medication, non-traditional
therapies.

### COUNT-VI
### NEGLIGENT INFLICTION OF EMOTION DISTRESS
### (defendant Allison Rittenhouse)

90.  Plaintiffs incorporate herein by reference
all of the above paragraphs of this Complaint as though
fully set forth herein at length.

91.  Defendant Allison Rittenhouse and others,

engaged in extreme and outrageous conduct by physically and emotionally abusing CW and other non-verbal autistic children, and by intentionally inducing certain behaviors and responses by placing CW and other autistic children in states of physical and emotional distress.

92. The extreme and outrageous conduct by Defendant Allison Rittenhouse and others as herein alleged, was intentional, and caused the Plaintiffs to suffer severe emotional distress.

93. As a direct and proximate consequence of this extreme and outrageous conduct, Plaintiffs suffered severe emotional distress.

94. As a direct and proximate consequence of Grandville Public Schools and South Elementary School breach of the applicable duty of care, CW and the parent Plaintiffs suffered damages including, but not limited to, physical and emotional harm, physical pain and suffering, fear, emotional distress, behavioral regression, including behavioral and educational regression, aversion to traditional therapy (a

27

characteristic of PTSD), and new aggressive behaviors,
including self-harm, and future damages caused thereby,
which will require new medication, non-traditional
therapies.

**COUNT-VII**
**ASSAULT AND BATTERY**
**(Direct liability of Defendant Allison Rittenhouse)**

95. Plaintiffs incorporate herein by reference
all of the above paragraphs of this Complaint as though
fully set forth herein at length.

96. Defendant Allison Rittenhouse
assaulted and battered CW at South Elementary School on
numerous occasions.

97. Defendant Allison Rittenhouse intended
harmful contact with CW in a reasonable apprehension of
imminent contact/harm, based on her present ability to
accomplish the imminent, harmful contact.

98. Defendant Allison Rittenhouse committed
willful and harmful contact with CW as a result of her
intent to commit such contact.

99. As a direct and proximate consequence of

28

Grandville Public Schools and South Elementary School breach of the applicable duty of care, CW and the parent Plaintiffs suffered damages including, but not limited to, physical and emotional harm, physical pain and suffering, fear, emotional distress, behavioral regression, including behavioral and educational regression, aversion to traditional therapy (a characteristic of PTSD), and new aggressive behaviors, including self-harm, and future damages caused thereby, which will require new medication, non-traditional therapies.

100. Defendant Allison Rittenhouse was acting within the scope of her employment and Grandville Public Schools and South Elementary School had actual and/or constructive notice of this abuse over a prolonged period of time and failed to prevent the abuse.

101. Grandville Public Schools and South Elementary School is therefore liable for all resultant damages based on respondeat superior liability.

102. As a direct and proximate consequence of

Grandville Public Schools and South Elementary School breach of the applicable duty of care, CW and the parent Plaintiffs suffered damages including, but not limited to, physical and emotional harm, physical pain and suffering, fear, emotional distress, behavioral regression, including behavioral and educational regression, aversion to traditional therapy (a characteristic of PTSD), and new aggressive behaviors, including self-harm, and future damages caused thereby, which will require new medication, non-traditional therapies.

**COUNT-VIII**
**VICARIOUS/RESPONDEAT SUPERIOR LIABILITY**

103. Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

104. As already alleged, the risk of serious physical and emotional harm to CW absent Grandville Public Schools and South Elementary School's reasonable performance of its independent duties to reasonably hire, train, retain, and supervise employees was not

30

only reasonably foreseeable by Grandville Public

Schools and South Elementary School, but also known and

obvious to Grandville Public Schools and South

Elementary School and generally known.

105. In addition to the known and obvious risk of

harm, Grandville Public Schools and South Elementary

School was on actual and constructive notice of the

manifestation of this foreseeable harm through the

ongoing abuse of CW and other non-verbal autistic

children.

106. Grandville Public Schools and South

Elementary School was on actual and constructive notice

of the ongoing abuse of CW from staff complaints and

parental complaints.

107. Defendant Allison Rittenhouse

108. and others were at all relevant time

employed by Grandville Public Schools and South

Elementary School and acted under both the specific

authority granted by Grandville Public Schools and

South Elementary School and under the direct

supervision, employ, and control of Grandville Public

31

Schools and South Elementary School when committing the abuse described herein. All such conduct occurred while acting within the course and scope of employment with Grandville Public Schools and South Elementary School for Grandville Public Schools and South Elementary School benefit, and pursuant to actual and apparent authority created by virtue of employment with Grandville Public Schools and South Elementary School.

109. Defendant and others were acting at least in part to serve the interests of Grandville Public Schools and South Elementary School when each committed the abuse against CW and others described herein.

110. Defendant Allison Rittenhouse and others acted as Grandville Public Schools and South Elementary School agents/employees, and used their trust, power, control, and authority conferred by their position with Grandville Public Schools and South Elementary School which enabled the abusive encounters with CW.

111. Simultaneously, Defendant Allison Rittenhouse

and others used this trust, power, control, and authority to gain Plaintiffs' confidence and trust, and then used that confidence and trust to abuse CW during and within the scope of their employment with Grandville Public Schools and South Elementary School.

112. As a direct a proximate cause, Plaintiffs suffered the injuries and damages as herein alleged.

113. Therefore, in addition to its own direct negligence for negligently training, hiring, retaining and supervising employees, Grandville Public Schools and South Elementary School is also liable for the negligent and wrongful conduct of Defendant Allison Rittenhouse under the law of vicarious liability, including the doctrine of respondeat superior.

### COUNT-IX
**VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT OF 1973 DISCRIMINATION; & HOSTILE AND ABUSIVE <u>EDUCATIONAL ENVIRONMENT</u>**
**(Direct Liability of Allison Rittenhouse; Vicarious/Respondeat Superior Liability Grandville Public Schools and South Elementary School)**

114. Plaintiffs incorporate herein by reference

all of the above paragraphs of this Complaint as though
fully set forth herein at length.

115. CW is qualified as an individual with a
disability because he is a non-verbal Autistic
child diagnosed with Autism Spectrum Disorder.

116. The classroom activity at South Elementary
School qualifies as a program or activity supported by
federal funds and is therefore a covered program or
activity under Section 504 of the Rehabilitation Act of
1973.

117. Grandville Public Schools and South
Elementary School was under a statutory duty not to
exclude CW from participation in, deny him benefits,
or subject him to discrimination under the South
Elementary School's programs or activities solely by
reason of their disability. See 29 U.S.C.

118. Grandville Public Schools and South
Elementary School was also under a duty to create a non-
hostile educational environment that was free from abuse
and intimidation.

34

119. Grandville Public Schools and South
Elementary School had actual and/or constructive
notice that CW and other students at the South
Elementary School were being physically and verbally
abused by its employees and failed to take timely
action to curtail this inappropriate activity.

120. In contravention of its statutory duties,
Grandville Public Schools and South Elementary School
deprived CW of the benefits of its federally supported
program by physically and verbally abusing him solely
because they were autistic children, thereby making
him especially vulnerable and unable to defend himself
against or complain about unlawful treatment he was
being subjected to.

121. CW specific behavioral education and learning
goals were also significantly frustrated, and CW
experienced substantial regression in these goals,
including behavioral and educational regression.

122. CW suffered discrimination, as well as
hostile and abusive conditions, on account of

35

manifestations of his disability.

123. Grandville Public Schools and South
Elementary School created and prolonged an educational
environment that was hostile and abusive toward its
disabled students.

124. The hostile and abusive educational
conditions at South Elementary School were severe
and/or pervasive.

125. As direct result of Grandville Public
Schools and South Elementary Schools, CW was
physically and verbally abused, denied the benefits
of the program he was enrolled in, subject to a
hostile educational environment, experienced pain
and suffering, emotional distress, and suffered a
regression of the skills necessary for him to
overcome the severity of his disabling condition or
to function independently, including behavioral and
educational regression. The injuries and loss of
skills alleged in this Complaint are permanent in

nature.

### COUNT-X
### VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT
### DISCRIMINATION IN PUBLIC ACCOMODATION; & HOSTILE AND
### <u>ABUSIVE PLACE PUBLIC ACCOMMODATIONS</u>

### (Direct Liability of Allison Rittenhouse;
### Vicarious/Respondeat Superior Liability Grandville
### Public Schools and South Elementary School)

126. Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

127. Title III of the Americans with Disabilities Act ("ADA") prohibits discrimination against persons with disabilities by places of public accommodation and services operated by private entities, including the activities performed at South Elementary School.

128. Section 12181 provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by

any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

129. Title III provides that it is unlawful to subject disabled persons, on the basis of disability, "to a denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity," (2) afford disabled persons, on the basis of disability, an unequal benefit to that afforded others, or (3) provide a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the disabled individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others. 42 U.S.C §12182.

130. CW is a qualified individual with a disability because he is a non-verbal Autistic child diagnosed with Autism Spectrum Disorder.

131. The classroom activity at South Elementary School qualifies as a program or activity supported by federal funds and is therefore a covered program or activity under Section 504 of the Rehabilitation Act of 1973.

132. Grandville Public Schools and South Elementary School was under a statutory duty not to exclude CW from participation in, deny him benefits, or subject him to discrimination under South Elementary School programs or activities solely by reason of his disability. See 29 U.S.C. § 794(a).

133. Grandville Public Schools and South Elementary School was also under a duty to create a non-hostile educational environment that was free from abuse and intimidation.

134. Grandville Public Schools and South Elementary School and other students at South Elementary School were being physically and verbally abused by their employees and failed to take timely action to curtail this inappropriate activity.

135. In contravention of its statutory duties, Grandville Public Schools and South Elementary School deprived CW of the benefits of its federally supported program by physically and verbally abusing him solely because he was a non-verbal autistic child, who was especially vulnerable and unable to defend himself against or complain about unlawful treatment he was being subjected to.

136. CW's specific behavioral education and learning goals were also significantly frustrated, and he experienced substantial regression in these goals, including behavioral and educational regression.

137. CW suffered discrimination, as well as hostile and abusive conditions, on account of manifestations of his disability.

138. Grandville Public Schools and South Elementary School created and prolonged an educational environment that was hostile and abusive toward its disabled students.

139. The hostile and abusive educational

conditions at South Elementary School were severe and/or pervasive.

140. The hostile and abusive educational conditions at South Elementary School were severe and/or pervasive.

141. As direct result of Grandville Public Schools and South Elementary School's breach of its statutory duties, CW was physically and verbally abused, denied the benefits of the program he was enrolled in, subject to a hostile educational environment, experienced pain and suffering, emotional distress, and suffered a regression of the skills necessary for him to overcome the severity of his disabling condition or to function independently, including behavioral and educational regression. The injuries and loss of skills alleged in this Complaint are permanent in nature.

**COUNT-XI**
**VIOLATIONS OF THE PERSONS WITH DISABILITY CIVIL RIGHTS ACTDISCRIMINATION; & HOSTILE AND ABUSIVE EDUCATIONAL OPPORTUNITY AND PLACE OF PUBLIC ACCOMMODATION**

41

**(Direct Liability of Allison Rittenhouse;
Vicarious/Respondeat Superior Liability Grandville
Public Schools and South Elementary School)**

142. Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

143. CW is a qualified individual with a disability because he is a non-verbal Autistic child diagnosed with Autism Spectrum Disorder.

144. CW's disability is unrelated to his ability to utilize and benefit from a place of public accommodation or public service and are unrelated to their ability to utilize and benefit from educational opportunities, programs, and facilities at an educational institution.

145. It was unlawful to deny CW the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation because of a disability that is unrelated to his ability to utilize and benefit from

the goods, services, facilities, privileges, advantages or accommodations.

146. An educational institution shall not discriminate in any manner in the full utilization of or benefit from the institution, or the services provided and rendered by the institution to an individual because of a disability that is unrelated to the individual's ability to utilize and benefit from the institution or its services.

147. The classroom activity at South Elementary School qualifies as an education program or activity or is a place of accommodation as defined in the PDCRA.

148. Grandville Public Schools and South Elementary School was under a statutory duty not to exclude CW from the participation in, or be denied the benefits of, or be subjected to discrimination under the South Elementary School's educational programs or activities or place of public accommodation because of his disability.

149. In contravention of this statutory duty,

Grandville Public Schools and South Elementary School deprived CW of the benefits of an educational program by physically and verbally abusing him solely because he was non-verbal, vulnerable and unable to defend himself against or complain about the unlawful treatment he was being subjected to.

150. Grandville Public Schools and South Elementary School was also required to create a non-hostile educational environment or place of public accommodation that was free from abuse and intimidation.

151. Grandville Public Schools and South Elementary School had actual or constructive notice that the students at the South Elementary School were being physically and verbally abused by its employees and failed to take timely and effective action to curtail this inappropriate activity.

152. In violation of this duty, Grandville Public Schools and South Elementary School created and prolonged an educational environment or place of public

44

accommodation that was hostile and abusive toward its disabled students including CW.

153. As direct result of Grandville Public Schools, and South Elementary School's breach of its statutory duties, CW was physically and verbally abused, denied the benefits of the program he was enrolled in, subject to a hostile educational environment, experienced pain and suffering, emotional distress, and suffered a regression of the skills necessary for them to overcome the severity of his disabling condition or to function independently, including behavioral and educational regression. The injuries and loss of skills alleged in this Complaint are permanent in nature.

## COUNT-XII
## VIOLATION OF THE FOURTEENTH AMENDMENT
## RIGHT TO PERSONAL SECURITY AND BODILY INTEGRITY

154. Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

155. The Fourth Amendment applies to public school officials and encompasses the right to be free from unreasonable bodily restraint and unreasonable seizure.

156. The Fourteenth Amendment encompasses the right to personal security and bodily integrity and applies to public school officials.

157. Grabbing a child with autism, by the back of the neck with such force and in such a violent fashion, as to leave nail gouges, is a Fourteenth Amendment right to personal security and bodily integrity.

158. Grabbing a child with autism, by the back of the neck with such force and in such a violent fashion, as to leave nail gouges constituted deliberate indifference to her federally protected rights.

159. Grabbing a child with autism, by the back of the neck with such force and in such a violent fashion, as to leave nail gouges was a violation of his Fourteenth Amendment right to personal security and bodily integrity.

160. Grabbing a child with autism, by the back of the neck with such force and in such a violent fashion, as to leave nail gouges constituted deliberate indifference to his federally-protected rights.

161. CW suffered an injury as a result of these Fourteenth Amendment violations.

162. Defendant's acts and/or omissions proximately caused the injuries.

## COUNT-XIII
### EXCESSIVE FORCE IN VIOLATION OF THE FOURTEENTH AMENDMENT

163. Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

164. The substantive component of the Due Process Clause of the Fourteenth Amendment is violated by the use of excessive force that shocks the conscience.

165. Prior to electing to use the force described above and otherwise in Plaintiffs complaint, Defendant and/or the other Defendants had a reasonable opportunity to deliberate various alternatives

47

166. Accordingly, the use of force by Defendant is deemed conscience-shocking if it was undertaken with deliberate indifference to CW's federally protected rights.

167. When determining whether the use of force is conscience shocking within the circumstances presented by this case, courts consider the absence of a pedagogical purpose, the victim's developmental disability, whether the victim is defenseless and her vulnerability to abuse, and the arbitrary nature of the force as factors to whether the conscience is shocked are factors considered when determining the force used is conscience shocking.

168. Not only is CW severely developmentally disabled and defenseless, but he is also extremely vulnerable to abuse as he was completely unable to report any abuse and/or neglect.

169. The use of force described herein against a person like CW, given her multiple handicaps and vulnerabilities shocks the conscience.

170. CW suffered injuries as a result of these

48

uses of force.

171. Defendants' actions and/or omissions proximately caused CW's injuries.

## COUNT-XIV
## VIOLATION OF CW'S RIGHT TO EQUAL PROTECTION UNDER THE LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT

172. Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

173. The Defendants' conduct toward CW, including but not limited to offensively touching him; leaving gouges on his neck, causing bruising on his body.

174. In addition, Defendants ignored the reports of abuse and neglect of CW.

175. Non-disabled students were not treated in the same manner.

176. Defendants' actions and/or omissions denied CW equal protection under the law as CW suffered injuries as a result of his disparate treatment.

177. Defendants' actions and/or omissions proximately caused his injuries.

49

## COUNT-XV
## MONELL CLAIM AGAINST GRANDVILLE PUBLIC SCHOOLS AND SOUTH ELEMENTARY SCHOOL

178. Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

179. Plaintiff has been subjected to a deprivation of clearly established constitutionally protected rights and privileges secured by the Constitution of United States, including:

   a. His Fourteenth Amendment rights as described above; and

   b. His Fourth Amendment rights as described in above.

180. The foregoing rights were clearly established at the time of the violations.

181. The deprivations were caused by the customs, policies, and established practices of the Grandville Public School District, acting under color of its statutory and legal authority, including without limitation:

50

       a. Failing to train Grandville Public School and South Elementary School faculty and staff to recognize, prevent and/or report instances of abuse and neglect;

       b. Condoning abuse and neglect staff and students without impunity and without consequence;

       c. A policy or practice of failing to investigate complaints of suspected abuse and neglect made by families of individuals such as CW.

182. Defendant Allison Rittenhouse and Darla England, were all state actors acting under the color of law.

183. Grandville Public School and South Elementary School deliberate indifference to CW'S constitutional rights subjected him to violations of his Fourth and Fourteenth Amendment rights by failing to investigate Defendant Rittenhouse's misconduct; failing to

adequately train and supervise Defendants; expressly and implicitly condoning the unconstitutional behavior of Defendant; and manifesting deliberate indifference to the ongoing abuse and neglect of Plaintiff.

184. The foregoing violations of 42 U.S.C. Section 1983 caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages, physical harm, and emotional distress.

185. Plaintiffs federal constitutional claims are cognizable under 42 U.S,C. 51983.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully requests that this Honorable Court enter judgment against Defendants for the following:

> (a). Compensatory economic damages and non-economic damages allowable by law for harm caused as alleged herein, including, without limitation, pain and suffering, emotional distress, anxiety, trauma, stress, costs of

future healthcare for among other things, CW educational and behavioral regression of the skills necessary for him to overcome the severity of his disabling condition or to function independently, and aversion to therapy;

(b). Exemplary damages allowable by law;

(c) Punitive damages allowable by law;

(d) Costs and Attorneys' Fees allowable by law;

(e). Declaratory and injunctive relief declaring Granville Public Schools and South Elementary School responsible for providing all necessary medical and health care for CW for the duration of his life;

(f). Such other and further relief as

this Honorable Court may deem just and

proper, including post-judgment

interest.

Dated: December 4, 2020    Respectfully Submitted,

**MUSSIN & SCANLAND, PLLC**

By: /s/JERARD M. SCANLAND

**JERARD M. SCANLAND (P74992)**
Attorney for Defendant
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Phone: (734)-282-6037
Fax: (734)-447-5853
JScanland@milawoffices.com

## JURY DEMAND

**COMES NOW THE,** Plaintiffs, by and through their attorneys the law firm of MUSSIN & SCANLAND, PLLC and by attorney Jerard M. Scanland and in hereby demands a trial by jury.

Dated: December 4, 2020   Respectfully Submitted,

**MUSSIN & SCANLAND, PLLC**

By: /s/JERARD M. SCANLAND

**JERARD M. SCANLAND (P74992)**
Attorney for Defendant
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Phone: (734)-282-6037
Fax: (734)-447-5853
JScanland@milawoffices.com

55