UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AMANDA WELSH and STEPHEN WELSH, )<br>as Next Friend of CW, a minor, )<br>                Plaintiffs, )<br>                         )<br>-v-                         )<br>                         )<br>GRANDVILLE PUBLIC SCHOOLS, *et al.*, )<br>                Defendants. )<br>_____) | No. 1:20-cv-1207<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Currently pending are three motions to dismiss. (ECF Nos. 46, 48 and 76.) Following a referral by this Court, the Magistrate Judge issued a report recommending that the Court grant all three motions. (ECF No. 83 R&R.) Plaintiffs filed objections. (ECF No. 84.) Defendants filed a response. (ECF No. 87.) The Court will adopt the report and recommendation and will grant the motions to dismiss.

The lawsuit arises from physical abuse of Plaintiff's son by his teacher. Plaintiffs' amended complaint functions as the controlling pleading (ECF No. 44 Compl.), which Plaintiffs were granted permission to file after Defendants had filed motions to dismiss. The Court dismissed those first Rule 12(b) motions as moot. For the pending motions to dismiss, Defendants do not dispute that the alleged abuse occurred. Instead, these Defendants identify deficiencies in the pleadings by pointing out the failure to include allegations that would support elements essential to the specific claims against them.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and

recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

A. Request to File An Amended Complaint

As part of their objections, Plaintiffs argue that if the Court were to agree that their complaint fails to plead sufficient facts, the "appropriate remedy" (PageID.932) would be to allow Plaintiffs to file an amended complaint.

The Court will deny Plaintiffs' request. First, Plaintiffs are mistaken that the remedy for a successful Rule 12(b)(6) is leave to amend the complaint. *See Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000) ("Of course, the granting of a defendant's motion to dismiss does not ordinarily afford the unsuccessful plaintiffs any 'opportunity to further clarify their allegations' with proof and evidence.") (citation omitted). Second, Plaintiffs did not file any motion for leave to amend the complaint and, therefore, the Court cannot grant Plaintiffs' requested relief. *See Louisiana Sch. Emps. Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010) ("In this case, plaintiffs failed to follow the proper procedure for requesting leave to amend. They did not actually file a motion to amend; instead, they included the . . . request in their brief in opposing the defendants' motions to dismiss: . . . ."). The Local Rules require parties to file a supporting brief with any motion, W.D. Mich. LCivR 7.1(a), and also require the moving party to attach the proposed pleading as an exhibit, *id.* 5.6(f). *See Kuyat v. BioMimetic Therapeutics, Inc.*, 747

F.3d 435, 444 (6th Cir. 2014) ("Furthermore, the plaintiffs did not submit a copy of the revised complaint at the time they filed their memorandum in opposition. Normally, a party seeking an amendment should attach a copy of the amended complaint.") (citation omitted). Third, the Court already granted Plaintiffs leave to amend their complaint once. Defendant England had already filed a motion to dismiss raising many of the same issues in the pending motion. Defendant Grandville Public Schools (GPS) had also already filed a motion raising may of the same issues in its pending motion. And, in their response to those motions, Plaintiffs indicated that the Court should permit them to file an amended complaint. (ECF No. 23 at 10 PageID.192; ECF No. 24 at 25 PageID.236.) With the awareness of the alleged deficiencies in the claims against England and GPS, Plaintiffs should have made any necessary changes to their amended complaint.

B.  Defendant Darla England's Motion to Dismiss (ECF No. 48)

England is or was the principal at the elementary school. The Magistrate Judge finds that only Count XV and Count XVII remain against England. (R&R PageID.906.) Plaintiffs do not object to this finding.

In Count XV, Plaintiffs allege England violated CW's Fourth Amendment rights by her deliberate indifference to the risk that the teacher, Defendant Rittenhouse, would inflict excessive force on students, including CW. (Compl. ¶ 197 PageID.465.)

The Magistrate Judge first finds that no such claim arises under the Fourth Amendment because excessive force by a teacher against a student would be analyzed under the Fourteenth Amendment, not the Fourth Amendment. (R&R at 7 PageID.907.) Plaintiffs do not object to this conclusion.

The Magistrate Judge next finds that Plaintiffs failed to allege facts establishing England's personal involvement. (*Id.* at 11 PageID.8-11 PageID.908-11.) Plaintiffs object. Plaintiffs reason that the Magistrate Judge imposed a heightened pleading requirement not supported by *Iqbal* and *Twombly*. Plaintiffs also argue that England was aware of the abuse and knowingly acquiesced by failing to take appropriate action.

The Court overrules Plaintiffs' objection. Upon careful review of the complaint, the Court agrees with the Magistrate Judge's findings about the pleading and the lack of any allegation from which a court could infer that England participated in, authorized, approved, or knowingly acquiesced in the teacher's abuse of CW. The Magistrate Judge did not impose a heightened pleading standard. The Magistrate Judge explained that the complaint fails to meet a relatively low bar, an allegation of fact—not a legal conclusion—that the particular defendant performed an act (or failed to act). On page 10 of the objection, Plaintiffs make assertions about England's knowledge and her failure to act, assertions based on "information and belief." (ECF No. 84 PageID.929.) But, these assertions are not contained in the complaint or at least Plaintiffs have not informed the Court where those assertions appear in the complaint.

The Court will adopt this portion of the R&R and will grant Defendant England's motion to dismiss.

C. Defendant Roger Bearup's Motion to Dismiss (ECF No. 76)

The Magistrate Judge identifies and then analyzes the various claims Plaintiff have against Bearup, the superintendent of Grandville public schools.

The Magistrate Judge recommends dismissing the Rehabilitation Act (RA) claim, the Americans with Disabilities Act (ADA) claim and the claim under Michigan's People With Disabilities Civil Rights Act (PWDCRA).  The Magistrate Judge concludes the statutes do not impose liability on individuals.  (R&R at 13 PageID.913.)  Plaintiffs do not object to this recommendation.

The Magistrate Judge recommends dismissing Plaintiffs' claim against Bearup for intentional infliction of emotional distress.  The Magistrate Judge concludes that Bearup is entitled to governmental immunity and the complaint fails to plead facts to avoid immunity.  (R&R at 11-13 PageID.911-13.)  In particular, the complaint fails to plead facts to show that Bearup was acting outside of his authority.  Plaintiffs object.  Plaintiffs contend that concealing complaints about abuse by a teacher would not fall within the scope of Bearup's authority.

The Court overrules Plaintiffs' objection.  The complaint does not contain any allegations from which the Court could infer that Bearup conducted some sort of cover up.

The Magistrate Judge recommends dismissing Count XV, the deliberate indifference claim.  (R&R at 13 PageID.913).  The Magistrate Judge concludes that the claim fails for the same reason the claim fails against Defendant England; the complaint fails to allege facts showing personal involvement.  The complaint does not contain allegations about Bearup's act or a failure to act.  Plaintiffs object.  Plaintiffs rely on the same cover up theory.

The Court overrules Plaintiffs' objection.  The complaint does not contain any allegations from which the Court could infer that Bearup conducted some sort of cover up.

The Court will adopt this portion of the R&R and will grant Defendant Bearup's motion to dismiss.

D.  Defendant GPS's Motion to Dismiss (ECF No. 46)

The Magistrate Judge recommends dismissing Defendant South Elementary School because it is a part of the Grandville Public Schools and is not a legally distinct entity.  (R&R at 14 PageID.914.)  Plaintiffs do not object to this recommendation.

The Magistrate Judge recommends dismissing the *Monell* claim against GPS.  First, the Magistrate Judge concludes Plaintiffs failed to adequately respond to the claim and, therefore abandoned it.  (R&R at 15 PageID.915.)  Plaintiffs do not object to this finding.

The Magistrate Judge next considers whether Plaintiffs have a failure to train claim and concludes that the complaint fails to make factual allegations to support such a claim. (R&R at 16-17 PageID.916-17.)  Plaintiffs object.  Plaintiffs argue, without discovery, they cannot make any factual allegations about GPS's training program.

The Court overrules Plaintiffs' objection.  Plaintiffs made a similar argument in opposition to Defendant England's motion to dismiss.  In the R&R, the Magistrate Judge explains why the assertion of a need for discovery cannot avoid the requirements to adequately plead a claim.  (R&R at 10 PageID.910.)  Plaintiffs did not object to that portion of the R&R.  The same legal principles apply here.

Finally, the Magistrate Judge recommends dismissing Plaintiffs' RA, ADA and PWDCRA claims against GPS.  (R&R at 17-18 PageID.917-18.)  For all three claims, the Magistrate Judge reasons that Plaintiffs have not alleged the abuse occurred because of CW's disability.  The Magistrate Judge also concludes that the complaint fails to allege that CW

was excluded from or denied the benefits of any educational program or activity because of his disability. Plaintiffs object. Plaintiffs contend they should be permitted to amend their complaint to add the necessary allegations.

The Court overrules Plaintiffs' objection. The Court addressed the request to amend at the beginning of this Order. In their first motion to dismiss, Defendant GPS advanced the argument that the Magistrate Judge explains in the R&R. (*See* ECF No. 18 Br. at 10-13 PageID.155-58.) Plaintiffs were aware of this potential issue before they filed their amended complaint. Through their wait-and-see approach, Plaintiffs functionally seek a review of their complaint by the Court that would advise Plaintiffs of the deficiencies and then give Plaintiffs an opportunity to cure those deficiencies. This is not how it works. Absent a proper motion for leave to amend, Defendants are entitled to a resolution of their motion to dismiss.

The Court will adopt this portion of the R&R and will grant Defendant GPS's motion to dismiss.

The Court has conducted a de novo review of the portions of the Report and Recommendation to which Plaintiffs filed specific objections. The Court overrules those objections. The Court **ADOPTS**, as its Opinion, the Report and Recommendation. (ECF No. 83.) The Court **GRANTS** Defendants' motions to dismiss (ECF No. 46 GPS; ECF No. 48 England; ECF No. 76 Bearup.) **IT IS SO ORDERED.**

Date:   February 28, 2022                              /s/  Paul L. Maloney
                                                                                       Paul L. Maloney
                                                                                       United States District Judge